UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LETICIA MONTELONGO, PABLO PUENTE, and MANUELA PEREZ, Individually and On Behalf Of All Others Similarly Situated, | § § § § § | |
| | § | **JUDGE KATHLEEN CARDONE** |
| Plaintiffs, | § § | |
| v. | § § | Cause No. _____ |
| HOUSING AUTHORITY CITY OF EL PASO, | § § § | **EP09CV0388** |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION FOR OVERTIME

Plaintiffs Leticia Montelongo, Pablo Puente and Manuela Perez, Individually and On Behalf of All Others Similarly Situated ("Plaintiffs" and "Class Members" herein), complain of the Housing Authority City of El Paso (herein after referred to as "Defendant" or "Housing Authority") and show as follows:

### I.    NATURE OF SUIT

1.    The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40

(1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2.      Defendant violated the FLSA by failing to pay its employees at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

3.      Plaintiffs Leticia Montelongo, Pablo Puente and Manuela Perez are non-exempt employees who have been denied overtime compensation owed to them as required by the law. Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 & 1343.

5.      Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District and exists as detailed in 28 U.S.C. §1391.

## III.      PARTIES

6.      Plaintiff Leticia Montelongo is a resident of El Paso, Texas. Her written consent to this action is attached as Exhibit "A".

7.      Plaintiff Pablo Puente is a resident of El Paso, Texas. His written consent to this is attached as Exhibit "B".

7.      Plaintiff Manuela Perez is a resident of El Paso, Texas. Her written consent to this is attached as Exhibit "C".

8.      The Plaintiffs and Class Members are all of the Defendant's current and former staff

who were supervisors, assistants or aides for the Defendant – regardless of pay structure and regardless of whether they had a title of supervisor, or medical "assistant" or "aides" – who worked for Defendant.

9.     Defendant Housing Authority is a Texas corporation and may be served with process by serving its registered agent or any other authorize officer or agent therein at 5300 E. Paisano Dr., El Paso, Texas 79905 and/or wherever he/she may be found.

## IV.   COVERAGE

10.    At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Leticia Montelongo, Pablo Puente and Manuela Perez and the Class Members.

11.    Defendant is an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.     At all material times, Defendant has been an enterprise within the meaning of § 3(r) of the FLSA, 29 U.S.C. 203(r).

13.    At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

14.    Defendant has had, and continue to have, an annual gross income of business done of not less than $500,000.

15.    At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.   FACTUAL BACKGROUND

16.   Defendant operates properties and facilities with its offices in El Paso, Texas. The primary job duties of the "housing managers or assistant managers" or "asset managers or assistant managers" are the same. Plaintiffs and Class Members worked as "housing managers or assistant managers" or "asset managers or assistant managers", but essentially performed duties relating to overseeing and implementing the development of office operations, supporting schedules, providing customer service to applicants or residents, ensuring timely rent payments, providing orientation and other support services for tenants and other tasks as required by the Housing Authority City of El Paso. Specifically, "housing managers or assistant managers" or "asset managers or assistant managers" were required to work through lunch, work before and after the regularly scheduled hours and often take work home to do that was "off-the-clock". They were all non-exempt and were paid hourly. They were and are treated as nonexempt. They were supposed to be paid overtime for any hours over 40 during a work week. Plaintiffs and Class Members routinely worked over 40 hours per week but were not paid time and one half for hours worked over 40.

17.   Plaintiffs and similarly situated "housing managers or assistant managers" or "asset managers or assistant managers" worked between five (5) and fifteen (15) more hours per week without compensation. Lastly, Defendant did not adequately keep track of Plaintiffs' work hours, even though Plaintiffs were non-exempt employees for overtime purposes.

18.   Plaintiffs have not been paid as time and one-half their regular rate for hours worked in excess of forty hours in a workweek. Class members have also been paid at an hourly rate of pay but denied pay for hours worked over forty. Either way, Plaintiffs and Class Members have been expected to work more than 40 hours a week on average and have not been given overtime pay for

hours worked over 40 in a workweek.

19.    Defendant has known the FLSA was applicable to its employees, yet it has intentionally refused to pay overtime. In fact, Plaintiffs and Class Members were routinely instructed or suffered to work more than 40 hours per workweek but were not compensated. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is a willful violation of the FLSA. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiffs have actually knowledge that Class Members have also denied overtime pay for hours worked over forty hours in a week.

21.    Named Plaintiffs have actual knowledge that Class members have also been denied overtime pay for hours worked over forty in a week.

22.    Defendant suffer, permit, and/or require Class Members to work in excess of forty hours per week.

23.    Defendant has improperly denied Class Members compensation for their hours worked over forty.

24.    Defendant and Class Members perform the same or similar work in the provision of services to Defendant's clients and/or patients.

25.    Plaintiffs and Class members regularly work in excess of forty hours during a workweek.

26.    The Class Members are similar to Plaintiffs in the denial of overtime pay when required to work over forty hours in a workweek.

27.     Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and do not depend on the personal circumstances of the Class Members.

28.     Plaintiffs' experiences are typical of the experience of Class Members.

29.     Plaintiffs' experiences are typical of the experience of Class Members.

30.     The specific job titles or precise job titles of each Class Members do not prevent collective treatment.

31.     All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of forty during a workweek.

32.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

33.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All of Defendant's current and former "housing managers or assistant managers" or "asset managers or assistant managers" in El Paso, Texas – regardless of pay structure – working from October 20, 2006 to the present.**

### VI.     CAUSE OF ACTION FOR COLLECTIVE CLASS ACTION

34.     Plaintiffs re-allege and incorporate by reference the facts asset forth above.

35.     Defendant violated 29 U.S.C. 207(a) by failing to pay Plaintiffs and Class members time and one-half the regular rate of pay for all hours worked in excess of 40 hours during a workweek.

36.     Defendant did not adequately keep track of Plaintiffs' work hours, even though

Plaintiffs were non-exempt employees for overtime purposes as outlined under the Fair Labor

Standards Act , 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

37.     Plaintiffs and Class members have been damaged by these violations of 29 U.S.C.

207(a).

38.     Defendant's violations of U.S.C. 207(a) were repeated, willful and intentional.

39.     Plaintiffs and the Class members are entitled to an amount equal to all their unpaid

regular and overtime wages as liquidated damages.  29 U.S.C. 216(b).

40.     Additionally, Plaintiffs and Class Members are entitled to recover attorneys' fees and

costs as required by the FLSA.  29 U.S.C. 216(b).

## VII. JURY DEMAND

41.     Plaintiffs demand a jury on all issues so triable. They have tendered the appropriate

fee.

## VIII.  PRAYER FOR RELIEF

42.     Wherefore, Plaintiffs request that Defendant be cited to appear and answer, and that

on final trial, Plaintiffs have judgment against Defendant as follows:

a.     Judgment against Defendant for Plaintiffs' actual damages;

b.     Overtime compensation for all unpaid hours worked in excess of forty hours at the

rate of one and one half times their regular rate;

c.     All unpaid wages and overtime compensation;

d.     Judgment against Defendant for liquidated damages for the maximum amount

allowed by law;

e.     Compensatory damages, emotional distress and punitive damages.  29 U.S.C.

215(a)(3).

f.      Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g.      Costs of suit, including reasonable attorney's fees, costs and expenses of this

action as provided by the FLSA;

h.      The award of such and further relief, both at law and in equity, to which Plaintiffs

and Class Members may be justly entitled.


Respectfully submitted,


**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)


**RAYMOND D. MARTINEZ**
State Bar No. 24002537

## DECLARATION OF LETICIA MONTELONGO

I, Leticia Montelongo, declare:

1.      I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.      I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.      I work for the Housing Authority of the City of El Paso, Texas.  I have worked there for approximately nine (9) years.

4.      As part of its operations, Housing Authority of the City of El Paso, Texas hires "housing or asset managers and assistant managers" to manage its properties and developments.   These employees are called "housing managers or assistant managers " or "asset managers or assistant managers".   Most "housing managers or assistant managers" or "asset managers or assistant managers" I am aware of worked more than 40 hours per week but received no additional pay for hours over 40.

5.      I work for the Housing Authority of the City of El Paso, Texas. I was regularly required to work more than forty hours per week and was not paid additional compensation for hours over forty. I know of other current and former "housing managers or assistant managers " or "asset managers or assistant managers" for the Housing Authority of the City of El Paso, Texas, who, like me, were regularly required to work more than forty hours per week but were not compensated for all hours exceeding forty. I know this from personal experience, and from speaking with and observing my co-workers.  Specifically, "housing managers or assistant managers " or "asset managers or assistant managers" were required to work through lunch, work before and after the regularly scheduled hours and often take work home to do that was "off-the-clock".

6.      The primary job duties of the "housing managers or assistant managers " or "asset managers or assistant managers" are the same. Those job duties are to duties include overseeing and implementing the development of office operations, supporting schedules, providing customer service to applicants or residents, ensuring timely rent payments, providing orientation and other support services for tenants and other tasks as required by the Housing Authority of the City of El Paso, Texas.

7.      I know that there are other former or current employees who are interested in this lawsuit for being denied overtime owed them.

I declare that the foregoing is true and correct.

Leticia Montelongo                                  Executed on this __22nd__ day of September, 2009.



## DECLARATION OF PABLO PUENTE

I, Pablo Puente, declare:

1.    I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.    I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.    I worked for the Housing Authority of the City of El Paso, Texas.    I worked there approximately twenty-seven (27) years until approximately March 10, 2008.

4.    As part of its operations, Housing Authority of the City of El Paso, Texas hires "housing or asset managers and assistant managers" to manage its properties and developments.    These employees are called "housing managers or assistant managers " or "asset managers or assistant managers".    Up until the time of my resignation, most "housing managers or assistant managers" or "asset managers or assistant managers" I am aware of worked more than 40 hours per week but received no additional pay for hours over 40.

5.    I worked for Housing Authority of the City of El Paso, Texas. I was regularly required to work more than forty hours per week and was not paid additional compensation for hours over forty. I know of other current and former "housing managers or assistant managers " or "asset managers or assistant managers" for the Housing Authority of the City of El Paso, Texas, who, like me, were regularly required to work more than forty hours per week but were not compensated for all hours exceeding forty. I know this from personal experience, and from speaking with and observing my co-workers.    Specifically, "housing managers or assistant managers " or "asset managers or assistant managers" were required to work through lunch, work before and after the regularly scheduled hours and often take work home to do that was "off-the-clock".

6.    The primary job duties of the "housing managers or assistant managers" or "asset managers or assistant managers" are the same. Those job duties are to duties include overseeing and implementing the development of office operations, supporting schedules, providing customer service to applicants or residents, ensuring timely rent payments, providing orientation and other support services for tenants and other tasks as required by the Housing Authority of the City of El Paso, Texas.

7.    I know that there are other former or current employees who are interested in this lawsuit for being denied overtime owed them.

I declare that the foregoing is true and correct.

_Pablo Puente_
Pablo Puente

Executed on this ⎽⎽1 7⎽th⎽⎽ day of September, 2009.



## DECLARATION OF MANUELA PEREZ

I, Manuela Perez, declare:

1.   I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2.   I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3.   I worked for the Housing Authority of the City of El Paso, Texas.   I worked there approximately thirty (30) years until approximately June 19, 2009.

4.   As part of its operations, Housing Authority of the City of El Paso, Texas hires "housing or asset managers and assistant managers" to manage its properties and developments.   These employees are called "housing managers or assistant managers " or "asset managers or assistant managers".   Up until the time of my retirement, most "housing managers or assistant managers" or "asset managers or assistant managers" I am aware of worked more than 40 hours per week but received no additional pay for hours over 40.

5.   I worked for Housing Authority of the City of El Paso, Texas. I was regularly required to work more than forty hours per week and was not paid additional compensation for hours over forty. I know of other current and former "housing managers or assistant managers " or "asset managers or assistant managers" for the Housing Authority of the City of El Paso, Texas, who, like me, were regularly required to work more than forty hours per week but were not compensated for all hours exceeding forty. I know this from personal experience, and from speaking with and observing my co-workers.   Specifically, "housing managers or assistant managers " or "asset managers or assistant managers" were required to work through lunch, work before and after the regularly scheduled hours and often take work home to do that was "off-the-clock".

6.   The primary job duties of the "housing managers or assistant managers " or "asset managers or assistant managers" are the same. Those job duties are to duties include overseeing and implementing the development of office operations, supporting schedules, providing customer service to applicants or residents, ensuring timely rent payments, providing orientation and other support services for tenants and other tasks as required by the Housing Authority of the City of El Paso, Texas.

7.   I know that there are other former or current employees who are interested in this lawsuit for being denied overtime owed them.

I declare that the foregoing is true and correct.

_Manuela C. Perez_

Manuela Perez                            Executed on this 10th day of September, 2009.

